

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 30, 2020

Via e-mail (MattS@brazoria-county.com)

Mr. Matt Sebesta
County Judge, Brazoria County

Dear Judge Sebesta:

This letter responds to your question, submitted pursuant to Texas Government Code section 418.193, asking whether local governments may allow businesses to reopen if they are not essential or reopened services defined under Governor Abbott's executive order. *See* Exec. Order GA-18 (Apr. 27, 2020) (relating to safely and strategically reopening Texas businesses). Your question concerns numerous public reports suggesting that the Governor's order is vague and unenforceable. As explained below, the Governor's order is neither vague nor unenforceable, and local governments are prohibited from allowing businesses to reopen unless they are recognized as essential or reopened services under the Governor's order.

Executive Order GA-18 requires all Texans to "minimize in-person contact with people" who do not live in the same household, "except where necessary to provide or obtain essential services or reopened services[.]" *Id.* at 3. Essential services are defined as religious services and "everything listed by the U.S. Department of Homeland Security (DHS) in its Guidance on the Essential Critical Infrastructure Workforce, Version 3.0." *Id.* And reopened services are those services listed in the Governor's order that are not already essential services. *See id.* at 3–4 (listing reopened services, including retail to-go, restaurants, theaters, malls, museums, and libraries, with certain exceptions).

Some services are neither essential nor reopened services for purposes of GA-18. These include "bars, gyms, public swimming pools, interactive amusement venues such as bowling alleys and video arcades, massage establishments, tattoo studios, piercing studios, or cosmetology salons." *Id.* at 4. GA-18 prohibits people from "visiting" these businesses. News reports have suggested that GA-18 does not prohibit these businesses from opening their doors to the public. We disagree.

Under Executive Order GA-18, all Texans must "minimize in-person contact with people" who do not live in the same household, "except where necessary to provide or obtain *essential services or reopened* services[.]" *Id.* at 3 (emphasis added). Services provided by "bars, gyms, public swimming pools, interactive amusement venues . . ., massage establishments, tattoo studios, piercing studios, or cosmetology salons" are not defined as either essential or reopened services under GA-18. *See id.* at 3–4. The nature of these services requires in-person contact between customers and service providers. Those customer-to-employee contacts are affirmatively precluded by GA-18, which instructs that "[p]eople shall avoid visiting" those establishments for such business purposes. *See id.* at 4. A local order purporting to allow establishments providing these services to open for business, therefore, would conflict with the Governor's order.

Executive Order GA-18 expressly provides that it supersedes "any conflicting order issued by local officials" to the extent such order "expands the list of essential services or the list or scope of reopened services as set forth in this executive order." Exec. Order GA-18 at 5. A local order that purports to allow businesses that are neither essential services nor reopened services under GA-18 to reopen would "expand the list of essential services or the list or scope of reopened services." Therefore, such an order would be superseded by GA-18 and would be invalid. *See* Exec. Order GA-18 at 5; *see also* TEX. CONST. art. XI, § 5(a) (providing that local regulation may not be inconsistent with the State Constitution or laws); TEX. GOV'T CODE § 418.012 (providing that the Governor's executive orders "have the force and effect of law"); *City of Laredo, Tex. v. Laredo Merchants Assoc.*, 550 S.W.3d 586, 592 (Tex. 2018) (recognizing municipal ordinances may not be inconsistent with the Constitution or state law); Tex. Att'y Gen. Op. KP-0296 (2020) (concluding municipal and county officials lack emergency authority to regulate or restrict the sale of firearms).

We trust that this guidance answers your question. If it does not, please feel free to contact this office.

Sincerely,

Ryan M. Vassar
Deputy Attorney General for Legal Counsel