IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 6TH STREET BUSINESS PARTNERS LLC *d/b/a* SOHO LOUNGE, DOMAIN SPORTSBAR INC., THE TRAIN CAR LLC, THE CORNER BAR AND LOUNGE, LLC, TBT ALLEN CLUB INC., LUCKY BARREL LLC, JANECKA INVETMENTS INC., BLACK STONE USA INC., MICHAEL KLEIN, NICOLE MILLER, BRANDON BURLESON, BRENT STRANDE, JEFF VAN DELDEN, JOSEF BACHMEIER, SIDDARTH PATEL, JASON JANECKA, and BENITO GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY WAYNE ABBOTT, *in his official capacity as Governor of Texas*, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § § § | 1:20-CV-706-RP |

**ORDER**

Before the Court is Plaintiff 6th Street Business Partners LLC *d/b/a* Soho Lounge, Domain Sportsbar Inc., The Train Car LLC, The Corner Bar and Lounge LLC, TBT Allen Club Inc., Lucky Barrel LLC, Janecka Investments LLC, Black Stone USA, Inc., Michael Klein, Nicole Miller, Brandon Burleson, Brent Strande, Jeff Van Delden, Josef Bachmeier, Siddarth Patel, Jason Janecka, and Benito Garcia's (together, "Plaintiffs") motion for a Temporary Restraining Order ("TRO"). (Mot. TRO, Dkt. 6). Plaintiffs ask the Court to issue a TRO enjoining Defendant Gregory Wayne Abbott, *in his official capacity as Governor of Texas*, ("Abbott") from enforcing Executive Order No. GA-28. (*Id.* at 2). Having reviewed the motion, the Court finds that Plaintiffs' request for an ex parte TRO should be denied.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Texas Express Pipeline, LLC*, No. 6:16-CV-453-RP-JCM, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). But under Federal Rule of Civil Procedure 65, a court may issue a TRO without written or oral notice to the adverse party *only* if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The executive order forming the basis of Plaintiffs' motion went into effect on June 26, 2020. (Compl. Dkt.1, at 14). Plaintiffs filed their complaint in this matter on June 30, 2020. (*See id.*). In their complaint, Plaintiffs represented that they "intend[ed] to separately request that this Court immediately issue a temporary restraining order," but Plaintiffs delayed in requesting a TRO until July 8, 2020.[1] (*Id.* at 25; Mot. TRO, Dkt. 6).

It is unclear to the Court why, in the week after filing their complaint, Plaintiffs could not notify Abbott of their intention to seek injunctive relief. (*See* Compl., Dkt. 1). And Plaintiffs do not certify in writing any efforts made to give notice to Abbott or why notice should not be required. (*See* Mot. TRO, Dkt. 6); *see also* Fed. R. Civ. P. 65(b)(1) advisory committee's note to 1966 amendment ("Before notice can be dispensed with, the applicant's counsel must give his certificate as to any efforts made to give notice and the reasons why notice should not be required."); *id.* ("[I]nformal notice, which may be communicated to the attorney, is to be preferred to no notice at all."). Instead, Plaintiffs' counsel merely asserts that he "is in the process of serving summons on Defendant." (Mot. TRO, Dkt. 6, at 22). This is insufficient to satisfy Rule 65(b)(1)(B)'s explicit

---

[1] Plaintiffs also did not request that a summons to Abbott be issued until July 8, 2020. (*See* Dkt. 4).

requirement that the movant's attorney "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Thus, Plaintiffs have not satisfied both of Rule 65(b)(1)'s requirements for an ex parte TRO to be issued, and the Court will deny their motion. *See, e.g.*, *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (denying Plaintiff's request for ex parte relief on same grounds); *Cotton*, 2017 WL 2999430, at *2 (W.D. Tex. Jan. 10, 2017) (denying Plaintiff's request for ex parte relief for failure to satisfy both requirements of Rule 65(b)).

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, (Dkt. 6), is **DENIED**.

**SIGNED** on July 9, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE